IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Justin Noel McManus, | ) | C/A: 4:12-802-RBH-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND |
| | ) | RECOMMENDATION |
| Judge Paul Burch; | ) | |
| Rick Jones; | ) | |
| Brian Lefteer; | ) | |
| Judge Lee S. Alford; | ) | |
| Kenard Remond; | ) | |
| Chesterfield County Solicitor's Office; | ) | |
| Mr. Underwood, of the Attorney General's Office, | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |

Plaintiff, a detainee at the Chesterfield County Detention Center ("CCDC") who is proceeding pro se, filed this action anticipating that his constitutional rights will be violated. He has also filed an application to proceed *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1), and Rule 73.02(B)(2)(b) and (e) of the District of South Carolina Local Civil Rules, this United States Magistrate Judge is authorized to review all motions for leave to proceed *in forma pauperis* and all pretrial proceedings involving litigation by individuals proceeding pro se, and to submit findings and recommendations to the district court. The case is presently before the undersigned United States Magistrate Judge for report and recommendation following pre-service review. *See* 28 U.S.C. § 1915(e)(2)(B).

Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25

(1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (en banc); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The Complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made when the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319.

The court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. at 31. In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. *Id.*

The court is required to liberally construe pro se documents, holding them to a less stringent standard than those drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Even under this less stringent standard, however, this pro se Complaint is subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a

pleading to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Allegations Presented

According to his Complaint, Plaintiff received concurrent sentences of 30 years and five years for voluntary manslaughter and possession of a weapon, respectively. He was successful in a post-conviction relief ("PCR") proceeding, and he has been in the CCDC since August 16, 2011, awaiting re-trial. The State appointed Defendants Rick Jones and Brian Lefteer to serve as Plaintiff's counsel.

On September 12, 2011, Plaintiff appeared before Defendant Judge Paul Burch for a bond hearing. Judge Burch denied bond, but ordered that Plaintiff be brought back before him in 120 days to have bond set if the State had not already disposed of the case. On January 11, 2012, Plaintiff's counsel[1] told him that Defendant Underwood had set Plaintiff's case for trial on March 19, 2012.

When Plaintiff returned to court, Judge Burch announced that he had recused himself because the stepmother of Plaintiff's victim was related to Judge Burch. Plaintiff accuses Judge Burch of lying, and complains that the Judge did not tell Plaintiff's family until February 2012. Defendant Judge Alford, who heard Plaintiff's initial case, is now to hear the case again.

---

[1] Plaintiff refers to his "counsel" several times throughout the Complaint, but does not specify whether he is referring to Defendant Jones, Defendant Lefteer, or both.

Plaintiff avers that Defendant Chesterfield County Solicitor's Office, through its spokesperson, Defendant Kenard Redmond,

> has been telling other incarcerated individuals that he along with the help of the "Attorney General's Office Mr. Underwood" that [sic] they can convict me with their eyes closed and that if my brother Kory A. Little, who is a material witness and a witness to be presented in my defense, comes and testifies then they'll put murder charges "the ones I've been convicted of," on him.

ECF No. 1, at 3-4. Plaintiff told his counsel, but his counsel responded, "that's not [Plaintiff's] problem and for whatever [counsel] will not be 'PCRed' as he say for me." *Id.* at 4.

Plaintiff also alleges he informed his counsel of several material witnesses, but his counsel stated that he would not interview the witnesses because he did not have time. Plaintiff's counsel added that "it wouldn't really matter because [Plaintiff] had gotten the best time possible for [the] crime charged." *Id.* at 4. Plaintiff further complains that he has not been told what charges he will be facing on re-trial and he fears double-jeopardy, but his counsel says that he does not care.

Plaintiff asks this court to have Judge Burch "correct and have an answer for the irreparable harm he has caused me and my family." *Id.* at 5. He also requests that the other Defendants stop conspiring against him, and that the court "award me the right to a fair trial." *Id.* Finally, Plaintiff asks to be appointed counsel "who'll function as an advocate for me and not the State." *Id.*

## Applicable Law and Analysis

To the extent that Plaintiff asks this court to order state court judges to take certain actions in Plaintiff's pending criminal case(s), his request is equivalent to seeking a writ of mandamus against state court officials. *See Black's Law Dictionary* 1046-47 (9th ed. 2009) (defining a writ of mandamus as a "writ issued by a court to compel performance of a particular act by a lower court or a governmental officer or body, usu. to correct a prior action or failure to act."). A federal court,

however, issues a writ of mandamus only in the rarest of circumstances, and it is a drastic remedy. *In re Lockheed Martin Corp.*, 503 F.3d 351 (4th Cir. 2007). When a litigant seeks mandamus relief, he must show that "'he had no other adequate means to attain the relief he desires' and that his right to issuance of the writ is 'clear and indisputable.'" *United States v. Sosa*, 364 F.3d 507, 511 (4th Cir. 2004).

Plaintiff in this case has available to him other means to correct any inappropriate actions or failure to act by the state courts or judges, including appellate review in the South Carolina courts and, in very limited circumstances, a motion for writ of mandamus filed in the South Carolina Supreme Court. *See City of Rock Hill v. Thompson*, 563 S.E.2d 101, 102 (S.C. 2002) ("Mandamus will issue only to compel a public official to perform a mandatory legal duty."). Moreover, the United States District Court does not have jurisdiction to grant mandamus relief against state officials or to review state court orders. *See In re Austin*, 8 F. App'x 253, 254 (4th Cir. 2001) ("Federal courts have no general power to compel action by state courts."); *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969) ("'The courts of the United States have no power to acquire jurisdiction of a case or question by issuing a writ of mandamus.'") (citation omitted). Accordingly, to the extent this action seeks a writ of mandamus against a South Carolina judge or other state official, it should be dismissed for failure to state a claim on which relief may be granted.

This court's action in Plaintiff's state criminal proceedings is also barred by the United States Supreme Court case of *Younger v. Harris*, 401 U.S. 37 (1971). In *Younger*, the Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996).

5

The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger*, 401 U.S. at 43–44.

From *Younger* and its progeny, the Fourth Circuit Court of Appeals has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Md. Comm'n on Human Relations,* 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982)). In the instant case, Plaintiff is clearly involved in an ongoing state criminal proceeding. The second criterion has been addressed by the Supreme Court: "[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson,* 479 U.S. 36, 49 (1986). The Supreme Court also decided the third criterion in noting that "ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Kugler v. Helfant*, 421 U.S. 117, 124 (1975), *quoted in Gilliam*, 75 F.3d at 903. Thus, Plaintiff must first pursue his rights through the state court system.

Recommendation

As this court is barred from interfering with Plaintiff's ongoing state criminal proceedings, it is recommended that the Complaint in the above-captioned case be dismissed without prejudice.

IT IS SO RECOMMENDED.

*[signature]*

April 17, 2012  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

***Plaintiff's attention is directed to the important notice on the next page.***

# Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).